Antonio H. Rodriguez (CBN 51443)
LAW OFFICES OF ANTONIO H. RODRIGUEZ
5429 Beverly Boulevard
Los Angeles, California 90022
T – 323-869-9909, F – 323-869-9911
E-mail: antoniohr@arodriguezlaw.com

Jorge Gonzalez (CBN 100799)
A PROFESSIONAL CORPORATION
2485 Huntington Drive, Suite 238
San Marino, California 91108
T – 626-328-3081, C – 213-598-3278
E-mail: jggorgeous@aol.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JUAN MANUEL AVILA, JR., by and through its Personal Representative, Juan Manuel Avila, Sr.; JUAN MANUEL AVILA, SR.; and MARIA AVILA, for themselves,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LONG BEACH, a public entity; LONG BEACH POLICE DEPARTMENT; ELIESER DOMINGO (#10782); NICHOLAS BECERRA (#10943); BENJAMIN HEARST (#10766); IVAN GARCIA (#10792); and DOES 1 through 10, individually and in their official capacity as police officers for the Long Beach Police Department,<br><br>Defendants. | Case No.: CV 17-05607 BRO JPR<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br>1. **Violation of Federal Civil Rights [42 U.S.C. § 1983] Excessive Use of Force in Violation of 4th Amendment to U.S. Constitution;**<br>2. **Violation of Federal Civil Rights [42 U.S.C. § 1983 Interference with Familial Relationship in Violation of 14th Amendment to U.S. Constitution;**<br>3. **Violation of Federal Civil Rights by Public Entity [42 U.S.C. § 1983;**<br>4. **Violation of Civil Rights [Cal. Civil Code §§ 51.7, 52.1];**<br>5. **Wrongful Death [C.C.P. § 377.60];**<br>6. **Negligence [Cal. Gov. Code § 815.2(a)];**<br>7. **Battery.**<br><br>**DEMAND FOR JURY TRIAL** |

**JURISDICTION**

1.  Jurisdiction is conferred upon this Court by Title 28, United States Code §§ 1331 and 1343, and arises under Title 42, United States Code §§ 1983 and 1988. This court has supplemental jurisdiction of the state law claims.

**VENUE**

2.  The acts complained of arose within the Central District of California, therefore venue properly lies here pursuant to 28 U.S.C. § 1391.  One or more of the Defendants resides in or has its principle place of business in Los Angeles County.

**PARTIES**

3.  Plaintiff ESTATE OF JUAN MANUEL AVILA, JR., by and through its Personal Representative, Juan Manuel Avila, Sr., sues herein on behalf of Plaintiffs' Decedent, JUAN MANUEL AVILA, JR.  Plaintiffs JUAN MANUEL AVILA, SR., and MARIA AVILA, sue herein for themselves as the Father and Mother of Plaintiffs' Decedent JUAN MANUEL AVILA, JR.  Plaintiffs JUAN MANUEL AVILA, SR. and MARIA AVILA are and at all times material herein were residents of Los Angeles County.

4.  At all times material herein, Defendant CITY OF LONG BEACH was and is a public entity duly organized and chartered under the laws of the State of California, and was responsible for the hiring, training, and supervising of the conduct of its employees and agents of the CITY OF LONG BEACH, and its Police Department, the LONG BEACH POLICE DEPARTMENT, and all of its officers and members.  This Defendant is a "person" and subject to suit within the meaning of Title 42, U.S.C. § 1983 under *Monell v. New York Dept. of Social Serv.*, 436 U.S. 658, 691 (1978).

5.  At all times material herein, said Defendant CITY OF LONG BEACH was responsible for the employment, training, and supervision of the actions, conduct, policies, practices, and customs of the employees and agents of the CITY

OF LONG BEACH, including its Police Department and all of its members.  At all times material herein, Defendant CITY OF LONG BEACH was responsible for assuring that the actions, conduct, policies, procedures, and customs of the LONG BEACH POLICE DEPARTMENT complied with the laws and the Constitutions of the United States and of the State of California.

6.  Plaintiffs are informed and believe, and based thereon hereby allege that Defendant CITY OF LONG BEACH is responsible for implementing, maintaining, sanctioning, or condoning a policy, custom or practice, under which the wrongful or illegal acts hereinafter complained of occurred.  By reason of this policy, custom or practice, Defendant CITY OF LONG BEACH is liable for the damages hereinafter complained of.  As to the claims filed under the laws of the State of California, Defendant CITY OF LONG BEACH is liable for the damages under the principle of *respondeat superior.*

7.  Plaintiffs are informed and believe, and based thereon allege that at all times material herein, Defendants ELIESER DOMINGO (#10782); NICHOLAS BECERRA (#10943); BENJAMIN HEARST (#10766); IVAN GARCIA (#10792), and DOES 1 through 10, inclusive, were each duly appointed and acting Police officers employed as such by the Defendant CITY OF LONG BEACH, and at the time of the acts hereinafter complained of, each said Defendant was acting within the course and scope of such employment and under the color of law. Plaintiffs sue each of these Defendants both in their official and individual capacities.  Defendant NICHOLAS BECERRA (#10943) was previously sued erroneously as NICHOLAS BARRERA.  His true and correct name is hereby amended as NICHOLAS BECERRA.

8.  The true names of Defendants DOES 1 through 10, inclusive, are not now known to Plaintiffs who therefore sue said Defendants by such fictitious names, but upon ascertaining the true name of a DOE Defendant, Plaintiffs will amend this complaint, or seek leave to do so, by substituting same for said fictitious name.

Plaintiffs are informed and believe, and based thereon allege, that each DOE Defendant is in some manner responsible for the injuries and damages herein complained of.

9.   At all times material herein, Defendants were each acting as the employee, agent representative, and officer of every other Defendant herein, and within the course and scope of such employment and agency. Plaintiffs filed a timely Claim pursuant to California Government Code Section 910 et seq. with Defendants on May 9, 2017.  The Claim has not been denied by Defendants, and this action is filed in a timely manner.

### CHARGING ALLEGATIONS

### FIRST CLAIM FOR RELIEF

(Title 42, U.S.C. §§ 1983, 1988)

Excessive Use of Force in Violation of

Fourth Amendment to the U.S. Constitution

[By Plaintiff ESTATE OF JUAN MANUEL AVILA,

JR., against Defendants Long Beach police officers

ELIESER DOMINGO (#10782); NICHOLAS

BECERRA (#10943); BENJAMIN HEARST (#10766);

IVAN GARCIA (#10792), and DOES 1 through 5,

inclusive]

10.   The incident herein complained of began on April 25, 2017, at or about 6:30 a.m., when a vehicle pursuit began somewhere within the CITY OF LONG BEACH.  The vehicle being pursued was driven by Plaintiffs' Decedent JUAN MANUEL AVILA, JR., and had traveled along city streets while being pursued by various police patrol vehicles driven by unknown officers from the Long Beach Police Department, ostensibly under suspicion the vehicle had been stolen.  The vehicle drove into the parking lot of a storage facility located at 19236 Foster Road, in the City of Bellflower, California, which was a dead end.

11.  At least five patrol vehicles from the Long Beach Police Department followed the stolen vehicle and blocked its exit on Foster Road.  The vehicle went to the end of the parking lot and the road being blocked by a gate, turned around to head back toward the exit of the parking lot on Foster Road.  The street was blocked by the various police patrol vehicles, thus effectively trapping Decedent's vehicle in the parking area.  Decedent's vehicle slowly moved to the north part of the street (the driver's right) as if to go around the patrol vehicles.  It continued to drive toward the sidewalk on the right side of the road, and began pulling to a stop.  At this point, the sidewalk was bordered on the right by a steep embankment falling down toward a large palm tree and a chain link fence.  The sidewalk itself was blocked by a light standard located in the middle of the sidewalk just feet from the patrol vehicle parked nearest to the sidewalk.  The vehicle would not have been able to drive around the patrol vehicle without falling down the embankment.

12.  At least five to six Long Beach police officers were standing at or about the various patrol vehicles blocking Foster Road, each of them aiming their firearms in the direction of the vehicle being driven by Decedent JUAN MANUEL AVILA, JR.  The vehicle came to a sudden stop as it approached the sidewalk to the north of the first patrol vehicle.

13.  Suddenly, and without provocation, justification, or legal cause, Defendants ELIESER DOMINGO (#10782), NICHOLAS BECERRA (#10943), BENJAMIN HEARST (#10766)**,** IVAN GARCIA (#10792), and DOES 1 through 5, inclusive, began to use lethal force by firing their handguns at the driver, Plaintiffs' Decedent JUAN MANUEL AVILA, JR., striking him several times in the head and upper body, causing his immediate death.

14.  At the time they fired their weapons, Defendants ELIESER DOMINGO (#10782), NICHOLAS BECERRA (#10943), BENJAMIN HEARST (#10766)**,** IVAN GARCIA (#10792), and DOES 1 through 5, inclusive, intended to inflict

great bodily injury upon or take the life of the driver, Plaintiffs' Decedent JUNA MANUEL AVILA, JR.

15.  At the time of the shooting, Plaintiffs' Decedent JUAN MANUEL AVILA, JR. was not in possession of, had not handled, aimed, pointed or fired any weapon at Defendants, and although he had driven the car toward the sidewalk, at no time had he steered the car in the direction of any of the police officers, and was in the process of coming to a complete stop (as if in realization he could not proceed around the patrol cars without falling down the embankment).

16.  At the time the vehicle came to a stop, the front tires were pointed straight toward the embankment, and not toward any of the patrol vehicles or any of the police officers.  (See Exhibit A, attached).  After the shooting, the passenger, (DAVID ANTHONY LOERA) was ordered to exit the vehicle through the driver's side window, and then several officers removed the Decedent's body from the vehicle.  At the point Decedent was removed, the vehicle, unimpeded by pressure on the brake pedal, slowly drifted forward and went down the embankment, coming to rest at or about the palm tree.  (See Exhibit B, attached).

17.  The police officer closest to the sidewalk, one of the Defendants herein but whose identity is not now known, was never in danger of being struck by the vehicle driven by Decedent, and, had he been in fear of his life anyway, needed only to take several steps backward and around the rear of his vehicle to remove himself from any potential danger, and thereby obviate the need to fire upon and kill the driver of the suspected stolen vehicle.  At the time of the shooting none of the other police officers, including the remaining Defendants, were ever in a position to be threatened or struck by the Decedent's vehicle.  Based on the circumstances confronting the officers at the time, there was no imminent threat of death or great bodily injury to any of the officers or members of the general public.

18.  The use of said force, and particularly, the use of lethal force, under the circumstances presented to said Defendant officers was excessive and

unreasonable, and deprived Plaintiffs' Decedent of the rights, privileges, and immunities guaranteed him by the Fourth and Fourteenth Amendments to the U.S. Constitution, in violation of Title 42, U.S.C. § 1983.

19.  By reason of the afore-described acts and omissions of Defendants ELIESER DOMINGO (#10782), NICHOLAS BECERRA (#10943), BENJAMIN HEARST (#10766), IVAN GARCIA (#10792), and DOES 1 through 5, inclusive, and each of them, JUAN MANUEL AVILA, JR. was killed, suffering great physical and emotional pain prior to his demise, as well as the loss of the enjoyment of life, and as a result thereof Plaintiffs' Decedent JUAN MANUEL AVILA, JR. suffered great physical and mental injury, trauma, pain, shock to his nervous system, injury to his health, strength and activity, loss of society, companionship, support and affection, great anguish, anxiety, degradation, humiliation, fear and emotional distress; all to their damages in an amount not yet ascertained but to be proved.

20.  By reason of the afore-described acts and omissions of Defendants ELIESER DOMINGO (#10782), NICHOLAS BECERRA (#10943), BENJAMIN HEARST (#10766), IVAN GARCIA (#10792), and DOES 1 through 5, inclusive, and each of them, Plaintiffs MARIA AVILA and JUAN MANUEL AVILA, SR. were and will be required in the future to receive medical and psychiatric care, treatment, and examination and by reason thereof, said Plaintiffs incurred and will continue to incur doctor, medical, chiropractic, psychiatric, pharmaceutical and incidental expenses in an amount not yet ascertained but to be proved.

21.  The afore-described acts and omissions of Defendants ELIESER DOMINGO (#10782), NICHOLAS BECERRA (#10943), BENJAMIN HEARST (#10766), IVAN GARCIA (#10792), and DOES 1 through 5, inclusive, were done recklessly, knowingly, intentionally, and for the purpose of vexing and injuring Decedent and to maliciously deprive Plaintiffs' Decedent and Plaintiffs of rights guaranteed them by the U.S. and California Constitutions and in conscious

disregard thereof; and by reason thereof, Plaintiffs claim exemplary and punitive damages from said Defendants in an amount to be proved.

22.  By reason of the afore-described acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute and prosecute the within action and to render legal assistance to Plaintiffs that they might vindicate the loss and impairment of their aforementioned rights; and by reason thereof Plaintiffs requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42, U.S.C. § 1988.

**SECOND CLAIM FOR RELIEF**

(Title 42, U.S.C. §§ 1983, 1988)

Interference with Familial Association in Violation of

Fourteenth Amendment to the U.S. Constitution

[By Plaintiffs ESTATE OF JUAN MANUEL AVILA,

JR., JUAN MANUEL AVILA, SR., and MARIA

AVILA, against Defendants Long Beach police officers

ELIESER DOMINGO (#10782); NICHOLAS

BECERRA (#10943); BENJAMIN HEARST (#10766);

IVAN GARCIA (#10792)**,** and DOES 1 through 5,

inclusive]

23.  Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 22 of this complaint and make each a part hereof as if set forth in full.

24.  Said excessive force also deprived Plaintiffs MARIA AVILA and JUAN MANUEL AVILA, SR., of the rights, privileges, and immunities guaranteed them by the Fourteenth Amendment to the U.S. Constitution, in violation of Title 42, U.S.C. § 1983, by arbitrarily and unlawfully interfering with their familial association, by causing the untimely and unnecessary death of Plaintiffs' Decedent JUAN MANUEL AVILA, JR.

25.  By reason of the afore-described acts and omissions of Defendants ELIESER DOMINGO (#10782), NICHOLAS BECERRA (#10943), BENJAMIN HEARST (#10766), IVAN GARCIA (#10792), and DOES 1 through 5, inclusive, and each of them, JUAN MANUEL AVILA, JR. was killed, suffering great physical and emotional pain prior to his demise, as well as the loss of the enjoyment of life, and as a result thereof Plaintiffs JUAN MANUEL AVILA, SR. and MARIA AVILA suffered great physical and mental injury, trauma, pain, shock to their nervous system, injury to their health, strength and activity, loss of society, companionship, support and affection, great anguish, anxiety, degradation, humiliation, fear and emotional distress; all to their damages in an amount not yet ascertained but to be proved.

26.  By reason of the afore-described acts and omissions of Defendants ELIESER DOMINGO (#10782), NICHOLAS BECERRA (#10943), BENJAMIN HEARST (#10766), IVAN GARCIA (#10792), and DOES 1 through 5, inclusive, and each of them, Plaintiffs MARIA AVILA and JUAN MANUEL AVILA, SR. were and will be required in the future to receive medical and psychiatric care, treatment, and examination and by reason thereof, said Plaintiffs incurred and will continue to incur doctor, medical, chiropractic, psychiatric, pharmaceutical and incidental expenses in an amount not yet ascertained but to be proved.

27.  The afore-described acts and omissions of Defendants ELIESER DOMINGO (#10782), NICHOLAS BECERRA (#10943), BENJAMIN HEARST (#10766), IVAN GARCIA (#10792), and DOES 1 through 5, inclusive, were done recklessly, knowingly, intentionally, and for the purpose of vexing and injuring Decedent and to maliciously deprive Plaintiffs' Decedent and Plaintiffs of rights guaranteed them by the U.S. and California Constitutions and in conscious disregard thereof; and by reason thereof, Plaintiffs claim exemplary and punitive damages from said Defendants in an amount to be proved.

28.  By reason of the afore-described acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute and prosecute the within action and to render legal assistance to Plaintiffs that they might vindicate the loss and impairment of their aforementioned rights; and by reason thereof Plaintiffs request payment by Defendants of a reasonable sum for attorney's fees pursuant to 42, U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF

(Title 42, U.S.C. §§ 1983, 1988)

(Violation of Civil Rights by a Public Entity)

[By Plaintiffs ESTATE OF JUAN MANUEL AVILA, JR., JUAN MANUEL AVILA, SR., MARIA AVILA, against Defendants CITY OF LONG BEACH, LONG BEACH POLICE DEPARTMENT, and DOES 6 through 10, inclusive]

29.  Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 20 and 22 through 26 and 28 of this complaint and make each a part hereof as if set forth in full.

30.  On or about April 25, 2017, and for some time prior thereto, Defendants CITY OF LONG BEACH and LONG BEACH POLICE DEPARTMENT, and DOES 6 through 10, inclusive, maintained an unconstitutional policy, or allowed a pattern of conduct that was unconstitutional in its implementation, with respect to their policy of allowing the use of lethal force, namely firearms, to stop moving vehicles, in particular, those moving vehicles that were involved in police pursuits, that essentially allowed police officers in their employ to use lethal force against the driver in an effort to stop the vehicle being pursued.  The policy of using lethal force against the driver of a moving vehicle in now universally accepted as ineffective and unwise in stopping a moving vehicle because once the driver is

shot, the vehicle is likely to continue unimpeded until it stops as a result of other causes, and often results in the unnecessary taking of a human life without proper authority, probable cause, or legal justification.

31.  Said policy is both unconstitutional as an unreasonable and unnecessary use of lethal force, and unconstitutional in its implementation because of the inability to discern when it would be permissible and reasonable to use lethal force and when it would not, as the policy allows officers to shoot at a moving vehicle with the purported purpose of either stopping the vehicle because it presents a danger to a particular officer standing in the way of the moving vehicle, or that there is a potential danger to the larger public in the community because of the risk of collision or other mishap caused by the vehicle as the driver continues in their effort to avoid being stopped and evade capture.  A blanket policy of allowing the use of lethal force is unconstitutional in and of itself, and also because it allows a pattern of conduct which is unconstitutional in its implementation.

32.  Furthermore, on or about April 25, 2017, and for some time prior thereto, Defendants CITY OF LONG BEACH and LONG BEACH POLICE DEPARTMENT, and DOES 6 through 10, inclusive, failed to properly train, assign, supervise, and guide their officers, in regards to the use of deadly force, use of non-lethal weapons, apprehension tactics, and in particular, appropriate methods for apprehending subjects involved in vehicle pursuits thereby avoiding the unnecessary use of lethal force, and for some time prior thereto and since, have condoned, tolerated and accepted, and continue to condone, tolerate, and accept the excessive use of lethal force by its officers to stop moving vehicles, and the deficient supervision of line or patrol officers.

33.  Furthermore, on or about April 25, 2017, and for some time prior thereto, Defendants CITY OF LONG BEACH and LONG BEACH POLICE DEPARTMENT, and DOES 6 through 10, inclusive, failed to fully and objectively investigate claims, reports or allegations of misconduct by the officers under their

command with respect to the unnecessary use of lethal force to stop moving vehicles involved in police pursuits. As a result of said acts, omissions, policies, customs and practices, officers who so engaged in a pattern of misconduct, violations of law, and wholesale violations of the civil rights of the citizenry were allowed to continue in their malfeasance unabated by any efforts of their superiors.

34. Said acts and omissions, policies, customs and practices by Defendants CITY OF LONG BEACH and LONG BEACH POLICE DEPARTMENT and DOES 6 through 10, inclusive, were the moving force behind the violation of constitutional rights and damages complained of herein by Plaintiffs.

## **FOURTH CLAIM OF RELIEF**

(Violation of Civil Rights)

[Cal. Civil Code §§ 51.7, 52.1(b), by Plaintiff

ESTATE OF JUAN MANUEL AVILA, JR. against

Defendants CITY OF LONG BEACH, LONG BEACH

POLICE DEPARTMENT, ELIESER DOMINGO

(#10782), NICHOLAS BECERRA (#10943),

BENJAMIN HEARST (#10766), IVAN GARCIA

(#10792), and DOES 1 through 5, inclusive]

35. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 21, 23 through 26, and 28 through 34 of this complaint and makes each a part hereof as if set forth in full.

36. Each individual Defendant interfered by violence, threats of violence, intimidation, or coercion, namely, the use of lethal force to apprehend Plaintiff's Decedent, JUAN MANUEL AVILA, JR., with the exercise or enjoyment of the constitutional or statutory rights of JUAN MANUEL AVILA, JR., which rights included, but are not limited to:

--   the right to be treated with dignity, fairness, and compassion despite being involved in the commission of criminal acts;

1       --    the right to be free from excessive and unreasonable force in violation

2   of his rights protected under the Article 1, Section 13 of the California Constitution

3   as well as the Fourth Amendment of the United States Constitution;

4       --    the right to be free from a conspiracy to create probable cause for the

5   crime of assault with a deadly weapon to justify the use of excessive and

6   unreasonable force;

7       --    the right to be free from the officers and Department's conspiratorial

8   code of silence to delay, hinder and obstruct the constitutional right to access to

9   courts and justice.

10       37.  Plaintiff ESTATE OF JUAN MANUEL AVILA, JR. alleges that the

11   above-named Defendants' wrongful conduct in violation of California Civil Code

12   §§ 51.7 and 52.1(b) caused deprivations of rights, and caused injury and damage,

13   including pain and suffering, until the time he died, and for loss of enjoyment of

14   life.  Plaintiff alleges that this wrongful conduct of these Defendants and DOES 1

15   through 5, inclusive, legally caused Plaintiff general and special damages as

16   allowable pursuant to constitutional law in an amount according to proof.

17       38.  By virtue of the provisions of California Civil Code §§ 51.7, 52.1 (h),

18   Plaintiff ESTATE OF JUAN MANUEL AVILA, JR. is entitled to an award of

19   treble damages, reasonable attorneys' fees and costs according to proof.

20       38.  These afore-mentioned acts of individual Defendants ELIESER

21   DOMINGO (#10782), NICHOLAS BECERRA (#10943), BENJAMIN HEARST

22   (#10766), IVAN GARCIA (#10792), and DOES 1 through 5, inclusive, and each

23   of them, were done recklessly, knowingly, intentionally, and for the purpose of

24   vexing and injuring Decedent and to maliciously deprive Plaintiffs' Decedent of

25   rights guaranteed him by the U.S. and California Constitutions and in conscious

26   disregard thereof; and by reason thereof, Plaintiff ESTATE OF JUAN MANUEL

27   AVILA, JR. claims exemplary and punitive damages from said Defendants in an

28   amount to be proved.

# FIFTH CLAIM OF RELIEF

### (Wrongful Death, Cal. Code of Civil Procedure § 377.60)

[By Plaintiffs JUAN MANUEL AVILA, SR., MARIA AVILA, against Defendants CITY OF LONG BEACH, LONG BEACH POLICE DEPARTMENT, ELIESER DOMINGO (#10782), NICHOLAS BECERRA (#10943), BENJAMIN HEARST (#10766), IVAN GARCIA (#10792), and DOES 1 to 5, inclusive]

39.   Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 38 of this complaint and make each a part hereof as if set forth in full.

40.   Each individual Defendant ELIESER DOMINGO (#10782), NICHOLAS BECERRA (#10943), BENJAMIN HEARST (#10766), IVAN GARCIA (#10792), and DOES 1 through 5, inclusive, caused the wrongful death of JUAN MANUEL AVILA, JR., plaintiffs' JUAN MANUEL AVILA, SR. and MARIA AVILA' son.

41.   Plaintiffs allege that this wrongful conduct of these Defendants and Does 1 through 5, inclusive, legally caused Plaintiffs general and special damages as allowable pursuant to C.C.P. § 377.60 in an amount according to proof.

# SIXTH CLAIM OF RELIEF

### (Negligence, Cal. Government Code §§ 815.2, 820)

[By Plaintiffs JUAN MANUEL AVILA, SR., MARIA AVILA, against Defendants CITY OF LONG BEACH, LONG BEACH POLICE DEPARTMENT, Long Beach Police Officers ELIESER DOMINGO (#10782), NICHOLAS BECERRA (#10943), BENJAMIN HEARST (#10766), IVAN GARCIA (#10792), and DOES 1 through 10, inclusive]

42.  Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 51 of this complaint and make each a part hereof as if set forth in full.

43.  On or about April 25, 2017, and at all times mentioned herein, Plaintiffs' Decedent, JUAN MANUEL AVILA, JR. was subjected to use of deadly force and arrest by Defendants ELIESER DOMINGO (#10782), NICHOLAS BECERRA (#10943), BENJAMIN HEARST (#10766)**,** IVAN GARCIA (#10792), and DOES 1 through 5, inclusive, who were acting within the course and scope of their duties as police officers for the CITY OF LONG BEACH and the LONG BEACH POLICE DEPARTMENT.  Defendants, and each of them, breached the standard of performance of their duties, and were negligent in the performance of their LONG BEACH POLICE DEPARTMENT tactics and duties, and this negligence caused Plaintiffs' injuries.  Defendants failed to comply with their above stated police tactics and duties and their conduct was at all times mentioned herein, below the standard of care for reasonable police officers, and this negligence caused the injuries and damages alleged herein.

44.  As a direct and legal result of the aforesaid negligence, carelessness and unskillfulness of Defendants, and each of them, Plaintiffs were injured, and have suffered the damages as alleged above.

### SEVENTH CLAIM OF RELIEF

(Battery, Cal. Government Code §§ 815.2, 820)

[By Plaintiff ESTATE OF JUAN MANUEL AVILA, JR.

against Defendants CITY OF LONG BEACH, LONG BEACH

POLICE DEPARTMENT, ELIESER DOMINGO (#10782),

NICHOLAS BECERRA (#10943), BENJAMIN HEARST (#10766)**,**

IVAN GARCIA (#10792), and DOES 1 through 5, inclusive]

45. Plaintiff hereby incorporate by reference each and every allegation contained in paragraphs 1 through 44 of this complaint and make each a part hereof as if set forth in full.

46. At all times mentioned herein, Decedent JUAN MANUEL AVILA, JR. was subjected to a battery by Defendants ELIESER DOMINGO (#10782), NICHOLAS BECERRA (#10943), BENJAMIN HEARST (#10766), IVAN GARCIA (#10792), and DOES 1 through 5, inclusive, acting within the scope and course of their employment with CITY OF LONG BEACH and the LONG BEACH POLICE DEPARTMENT.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. General damages in an amount to be proved;
2. Medical, doctor, psychiatric, pharmaceutical, funeral and incidental expenses to be proved;
3. Punitive damages from Defendants ELIESER DOMINGO (#10782), NICHOLAS BECERRA (#10943), BENJAMIN HEARST (#10766), IVAN GARCIA (#10792), and DOES 1 through 10, inclusive;
4. Costs of litigation;
5. Reasonable attorney's fees pursuant to 42, U.S.C. § 1988 and/or California Civil Code § 52.1 (h);
6. Such other and further relief as the court deems appropriate and just.

Dated: September 18, 2017                ANTONIO H. RODRIGUEZ, ESQ.

LAW OFFICES OF JORGE GONZALEZ


By:    /S/ *Antonio H. Rodriguez*

Antonio H. Rodriguez

1

2         One of the Attorneys for Plaintiffs
         ESTATE OF JUAN MANUEL AVILA, JR.,

3         JUAN MANUEL AVILA, SR., and MARIA
         AVILA

4

5

6        __**DEMAND FOR JURY TRIAL**__

7   Plaintiffs hereby demand a trial by jury.

8 Dated: September 18, 2017    ANTONIO H. RODRIGUEZ, ESQ.

9         LAW OFFICES OF JORGE GONZALEZ

10

11        By: /S/ *Antonio H. Rodriguez*

12         Antonio H. Rodriguez, Esq.

13

14        One of the Attorneys for Plaintiffs
        ESTATE OF JUAN MANUEL AVILA, JR.,

15        JUAN MANUEL AVILA, SR., and MARIA
        AVILA

16

17

18

19

20

21

22

23

24

25

26

27

28