CHARLES PARKIN, City Attorney
MONTE H. MACHIT, Assistant City Attorney
State Bar No. 140692
333 West Ocean Boulevard, 11th Floor
Long Beach, California 90802-4664
Telephone:  (562) 570-2200
Facsimile:   (562) 436-1579

Attorneys for Defendants
CITY OF LONG BEACH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JUAN MANUEL AVILA, JR., by and through its Personal Representative, Juan Manuel Avila, Sr.; JUAN MANUEL AVILA, SR.; and MARIA VILA, for themselves,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LONG BEACH, a public entity; LONG BEACH POLICE DEPARTMENT; ELIESER DOMINGO (#10782); NICHOLAS BECERRA (#10943); BENJAMIN HEARST (#10766); IVAN GARCIA (#10792); and DOES 1 through 10, individually and in their official capacity as police officers for the Long Beach Police Department,<br><br>Defendants. | Case No.:  2:17-cv-05607-BRO-JPR<br><br>Honorable Beverly Reid O'Connell<br><br>**DEFENDANTS' CITY OF LONG BEACH, CITY OF LONG BEACH (ERRONEOUSLY SUED AS LONG BEACH POLICE DEPARTMENT), ELIESER DOMINGO, NICHOLAS BECERRA, BENJAMIN HEARST, AND IVAN GARCIA, ANSWER TO FIRST AMENDED COMPLAINT; JURY DEMAND**<br><br>Complaint Filed: July 28, 2017<br>Trial Date:          None |

COMES NOW, Defendants CITY OF LONG BEACH, CITY OF LONG BEACH (erroneously sued as LONG BEACH POLICE DEPARTMENT), ELIESER DOMINGO, NICHOLAS BECERRA, BENJAMIN HEARST, AND IVAN GARCIA, answering for themselves alone and for no other defendants, admit, deny, and allege as follows:

1

DEFENDANTS' CITY OF LONG BEACH, CITY OF LONG BEACH (ERRONEOUSLY SUED AS LONG BEACH POLICE DEPARTMENT), ELIESER DOMINGO, NICHOLAS BECERRA, BENJAMIN HEARST, AND IVAN GARCIA, ANSWER TO FIRST AMENDED COMPLAINT; JURY DEMAND

l:\apps\ctylaw32\wpdocs\d016\p031\00805706.docx

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

1.     Answering the allegations, if any, contained in paragraphs 1 and 2, these answering defendants admit that the Court has jurisdiction and that venue is proper.

2.     Answering the allegations, if any, contained in paragraph 3, these answering defendants admit that the complaint is what it purports to be, but lack sufficient information to admit or deny the allegations regarding the relations of the parties or their residence, denies each such allegation on that basis.

3.     Answering the allegations, if any, contained in paragraph 4, these answering defendants admit that the City of Long Beach is a California Public Entity and that the Long Beach Police Department (LBPD) is a department of the City of Long Beach.  These answering defendants admit that the City of Long Beach is subject to suit within the meaning of Title 42, U.S.C. § 1983 as articulated in *Monell v. New York Dept. of Social Serv.*, 436 U.S. 658, 691 (1978).  These answering defendants lack sufficient information to admit or deny the remaining allegations, if any, as phrased, and deny on that basis.

4.     Answering the allegations, if any, contained in paragraphs 5, 8, 15, 16, 17, 19, 20, 22, 25, 26, and 28, these answering defendants lack sufficient information to admit or deny the remaining allegations, if any, as phrased, and deny on that basis.  These answering defendants generally and specifically deny that plaintiffs' and/or decedent's rights were violated; contend that any force used was reasonable; and contend that all actions were lawful, justified, reasonable, and done in good faith.

5.     Answering the allegations, if any, contained in paragraphs 6, 18, 21, 24, 27, 32, 33, 34, 36, 37, 38, 40, 41, and 46 these answering defendants generally and specifically deny each and every allegation contained in said paragraphs.  These answering defendants generally and specifically deny that plaintiffs' and/or decedent's rights were violated; contend that any force used was reasonable; and

2

DEFENDANTS' CITY OF LONG BEACH, CITY OF LONG BEACH (ERRONEOUSLY SUED AS LONG BEACH POLICE DEPARTMENT), ELIESER DOMINGO, NICHOLAS BECERRA, BENJAMIN HEARST, AND IVAN GARCIA, ANSWER TO FIRST AMENDED COMPLAINT; JURY DEMAND

l:\apps\ctylaw32\wpdocs\d016\p031\00805706.docx

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

contend that all actions were lawful, justified, reasonable, and done in good faith.

6. Answering the allegations, if any, contained in paragraph 7, these answering defendants admit that defendants ELIESER DOMINGO, NICHOLAS BECERRA, BENJAMIN HEARST, and IVAN GARCIA were and are Long Beach Police Department officers. These answering defendants lack sufficient information to admit or deny the remaining allegations, if any, as phrased, and deny on that basis.

7. Answering the allegations, if any, contained in paragraph 9, these answering defendants admit Plaintiffs filed a claim on May 9, 2017. These answering defendants admit that said claim was timely. These answering defendants deny that the claim has not been denied by Defendants. These answering defendants allege that the said claim was denied on or about August 2, 2017.

8. Answering the allegations, if any, contained in paragraphs 10, 11, 12, 13, and 14, these answering defendants admit that on April 25, 2017, at or about 6:00 am, a high speed vehicle pursuit began; that at all times relevant decedent JUAN MANUEL AVILA, JR drove the vehicle being pursued; that numerous LBPD personnel followed decedent; that at or about 6:40, decedent drove the vehicle into an apparent dead end; that decedent then drove the vehicle towards LBPD officers; and that as the vehicle approached the officers, one or more LBPD officers fired their handguns at decedent. These answering defendants lack sufficient information to admit or deny the remaining allegations, if any, as phrased, and deny on that basis. These answering defendants generally and specifically deny that plaintiffs' and/or decedent's rights were violated; contend that any force used was reasonable; and contend that all actions were lawful, justified, reasonable, and done in good faith.

9. Answering the allegations, if any, contained in paragraphs 23, 29, 35, 39, 42, and 45, these answering defendants restate the answers provided above for

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

all allegations contained in paragraphs incorporated by reference into the said paragraphs.

10. Answering the allegations, if any, contained in paragraphs 30 and 31, these answering defendants deny that the City of Long Beach or the LBPD maintained any unconstitutional policy, or allowed any pattern of unconstitutional conduct that was unconstitutional in its implementation regarding the use of firearms to stop moving vehicles involved in police pursuits. These answering defendants lack sufficient information to admit or deny the remaining allegations, if any, as phrased, and deny on that basis. These answering defendants generally and specifically deny that plaintiffs' and/or decedent's rights were violated; contend that any force used was reasonable; and contend that all actions were lawful, justified, reasonable, and done in good faith.

11. Answering the allegations, if any, contained in paragraphs 43 and 44, these answering defendants deny that any defendant was negligent or breached any standard of performance or care. These answering defendants lack sufficient information to admit or deny the remaining allegations, if any, as phrased, and deny on that basis. These answering defendants generally and specifically deny that plaintiffs' and/or decedent's rights were violated; contend that any force used was reasonable; and contend that all actions were lawful, justified, reasonable, and done in good faith.

12. These answering defendants generally and specifically deny that plaintiffs are entitled to any relief, including the relief requested in their prayer in paragraphs 1-6, inclusive, under that section. These answering defendants generally and specifically deny that plaintiffs' and/or decedent's rights were violated; contend that any force used was reasonable; and contend that all actions were lawful, justified, reasonable, and done in good faith.

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

**AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses, defendants allege each of the following:

**FIRST AFFIRMATIVE DEFENSE:**

13. Plaintiffs' complaint, and each and every purported cause of action and/or claim for relief alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be based.

**SECOND AFFIRMATIVE DEFENSE:**

14. That at all times pertinent herein, every City of Long Beach police officer who encountered decedent was and/or is duly qualified and acting police officers of the City of Long Beach and peace officers of the State of California; That every City of Long Beach police officer was at all times mentioned herein engaged in the performance of his regularly-assigned duties in the employment of the City of Long Beach; That every other City of Long Beach police officer, at all times pertinent herein, acted in good faith and without malice.

**THIRD AFFIRMATIVE DEFENSE:**

15. That liability of a public entity is based on statute.

**FOURTH AFFIRMATIVE DEFENSE:**

16. If any force was used upon the decedent, said force was reasonable and necessary, and said force was caused and necessitated by the act or acts of decedent, and/or was appropriate under the circumstances, and that any force that was used by City police officers was that which was reasonable and necessary to protect them and/or the public, and to prevent decedent from unlawfully harming or otherwise interfering with the lawful duties of said officers.

**FIFTH AFFIRMATIVE DEFENSE:**

17. That any injury or damage suffered by plaintiffs herein was caused solely by reason of decedent's wrongful acts and conduct and/or the willful

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

resistance to a peace officer in the discharge, and the attempt to discharge, the duty of his or her office, and not by reason of any unlawful acts or omissions of defendant's employees.

**SIXTH AFFIRMATIVE DEFENSE:**

18. That the actions of defendants were in all respects reasonable, proper and legal.

**SEVENTH AFFIRMATIVE DEFENSE:**

19. That decedent knew, or should have known, that he was being arrested, detained, investigated, or questioned by a peace officer, and had the duty to refrain from using force to resist such arrest, detention, investigation, or questioning.

**EIGHTH AFFIRMATIVE DEFENSE:**

20. That injuries to plaintiffs and/or decedent, if any, were in no way caused by violation of any official policy, custom or practice of defendant City of Long Beach.

**NINTH AFFIRMATIVE DEFENSE:**

21. That at all times pertinent herein, there existed grounds, reasonable suspicion and/or probable cause to question, investigate, detain, search, and arrest decedent and decedent's property.

**TENTH AFFIRMATIVE DEFENSE:**

22. That the actions of defendants were taken based upon exigent circumstances and the need to safeguard the general safety, health, and well-being of decedent and/or the public and to prevent decedent from unlawfully harming or injuring herself or other persons.

**ELEVENTH AFFIRMATIVE DEFENSE:**

23. That at all times pertinent herein, defendant City's police officers had reasonable cause to believe that a public offense was being committed in their presence or had been committed.

6

DEFENDANTS' CITY OF LONG BEACH, CITY OF LONG BEACH (ERRONEOUSLY SUED AS LONG BEACH POLICE DEPARTMENT), ELIESER DOMINGO, NICHOLAS BECERRA, BENJAMIN HEARST, AND IVAN GARCIA, ANSWER TO FIRST AMENDED COMPLAINT; JURY DEMAND

l:\apps\ctylaw32\wpdocs\d016\p031\00805706.docx

**TWELFTH AFFIRMATIVE DEFENSE:**

24. That defendant City of Long Beach, as a public entity, is immune from liability under the doctrine of respondeat superior, including in conjunction with 42 U.S.C. Section 1983.

**THIRTEENTH AFFIRMATIVE DEFENSE:**

25. That plaintiffs and/or decedent were themselves negligent, and that said negligence contributed to their injuries and damages, if any. Recovery herein is therefore barred to the degree of that negligence.

**FOURTEENTH AFFIRMATIVE DEFENSE:**

26. That a public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law.

**FIFTEENTH AFFIRMATIVE DEFENSE:**

27. That a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of discretion vested in him or her pursuant to Government Code section 820.2.

**SIXTEENTH AFFIRMATIVE DEFENSE:**

28. That there is no liability for negligence, negligent hiring, training, retention or supervision.

**SEVENTEENTH AFFIRMATIVE DEFENSE:**

29. That the City of Long Beach, as a public entity, is immune from liability for punitive damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE:**

30. That any and all events and happenings, injuries, loss, damage and expenditures referred to in plaintiffs' complaint were directly and proximately caused and contributed to by the carelessness and negligence of Plaintiff(s) and/or third parties and the extent of damages, if any, should be reduced in proportion to the amount of negligence of the third parties.

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

7

DEFENDANTS' CITY OF LONG BEACH, CITY OF LONG BEACH (ERRONEOUSLY SUED AS LONG BEACH POLICE DEPARTMENT), ELIESER DOMINGO, NICHOLAS BECERRA, BENJAMIN HEARST, AND IVAN GARCIA, ANSWER TO FIRST AMENDED COMPLAINT; JURY DEMAND

l:\apps\ctylaw32\wpdocs\d016\p031\00805706.docx

**NINETEENTH AFFIRMATIVE DEFENSE:**

31. That pursuant to Government Code sections 844.6, 845.6, 855.6, and 856.4, these defendants are not liable for any injuries or damages alleged in the complaint.

**TWENTIETH AFFIRMATIVE DEFENSE:**

32. That pursuant to California Government Code Sections 815.2, 820.4, and 820.8, any defendants who are City of Long Beach employees are immune from liability for any act or acts alleged in plaintiffs' complaint.

**TWENTY-FIRST AFFIRMATIVE DEFENSE:**

33. At no time did defendants act in an outrageous manner, in a manner that was in reckless disregard of the consequences of such actions, or in a manner intended to cause plaintiff emotional distress.

**TWENTY-SECOND AFFIRMATIVE DEFENSE:**

34. That each City of Long Beach police officer is entitled to qualified immunity, and that as to any federal claims and theories of recovery, all answering defendants are protected from liability under the doctrine of qualified immunity because defendants' conduct did not violate clearly-established statutory or constitutional rights of which a reasonable person would have known.

**TWENTY-THIRD AFFIRMATIVE DEFENSE:**

35. That a public employee is not liable for an injury caused by the act or omission of another person.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE:**

36. That defendants did not act with deliberate indifference towards plaintiffs and/or decedent, discriminate against plaintiffs and/or decedent, nor did defendants interfere - or attempt to interfere by threats, intimidation, violent acts, or coercion, with plaintiffs' and/or decedent's exercise or enjoyment of any right secured by the Constitution or laws of the United States or State of California.

DEFENDANTS' CITY OF LONG BEACH, CITY OF LONG BEACH (ERRONEOUSLY SUED AS LONG BEACH POLICE DEPARTMENT), ELIESER DOMINGO, NICHOLAS BECERRA, BENJAMIN HEARST, AND IVAN GARCIA, ANSWER TO FIRST AMENDED COMPLAINT; JURY DEMAND

l:\apps\ctylaw32\wpdocs\d016\p031\00805706.docx

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

**TWENTY-FIFTH AFFIRMATIVE DEFENSE:**

37.  That each City of Long Beach police officer met or exceeded the standard of care and conduct required of like professionals in similar circumstances.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE:**

38.  That pursuant to Government Code section 820, the liability of a public employee is subject to any defenses that would be available to the public employee if he were a private person.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE:**

39.  That the actions of defendants were appropriate given the circumstances and the need to safeguard the general safety, health, and well-being of decedent and others and to prevent decedent from unlawfully harming or injuring himself, other persons, or City employees.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE:**

40.  That defendants are immune from liability pursuant to California Government Code Section 818.8, 820.2, 818.2, 818.4, 821.6 and 822.2.

**TWENTY-NINTH AFFIRMATIVE DEFENSE:**

41.  That at all times relevant to this litigation, decedent engaged in provocative acts, conduct and/or words such that the conduct of answering defendants relating to plaintiff was reasonable, necessary and of a consequential nature under the circumstances.

**THIRTIETH AFFIRMATIVE DEFENSE:**

42.  That defendants owed no mandatory duty to plaintiffs and/or decedent under the facts and circumstances of this case.

**THIRTY-FIRST AFFIRMATIVE DEFENSE:**

43.  That there is no liability and that plaintiffs are barred from recovery under the principles set forth in *Monell v. Department of Social Services* and its progeny.

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

**THIRTY-SECOND AFFIRMATIVE DEFENSE:**

44. That for any state cause of action not encompassed in a timely filed tort claim, plaintiffs have failed to comply with Government Code Sections 910, 911.2, and 945.6 and are therefore barred from recovery herein.

**THIRTY-THIRD AFFIRMATIVE DEFENSE:**

45. That the plaintiffs' claims are barred by the Statute of Limitations.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE:**

46. That no named individuals in plaintiffs' action possessed final policy-making powers so as to impose liability on defendant CITY OF LONG BEACH, a public entity.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE:**

47. That the defendant officers had no time for practical deliberation, that all acts were undertaken with a legitimate law enforcement objective, and that there was no purpose to harm decedent and/or plaintiffs without a legitimate law enforcement objective.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE:**

48. That no defendant was deliberately indifferent to decedent's need, if any, for medical care or special accommodation, nor did any defendant fail to take reasonable measures to address any such need.

DATED: October 2, 2017

CHARLES PARKIN, City Attorney

By: /s/ *Nicholas J. Masero*
NICHOLAS J. MASERO
Deputy City Attorney
Attorneys for Defendants
CITY OF LONG BEACH, et al.

DEFENDANTS' CITY OF LONG BEACH, CITY OF LONG BEACH (ERRONEOUSLY SUED AS LONG BEACH POLICE DEPARTMENT), ELIESER DOMINGO, NICHOLAS BECERRA, BENJAMIN HEARST, AND IVAN GARCIA, ANSWER TO FIRST AMENDED COMPLAINT; JURY DEMAND

l:\apps\ctylaw32\wpdocs\d016\p031\00805706.docx

# **JURY DEMAND**

Under Fed.R.Civ.P. 38, defendants CITY OF LONG BEACH, CITY OF LONG BEACH (ERRONEOUSLY SUED AS LONG BEACH POLICE DEPARTMENT), ELIESER DOMINGO, NICHOLAS BECERRA, BENJAMIN HEARST, and IVAN GARCIA hereby demand trial by jury.

DATED: October 2, 2017        CHARLES PARKIN, City Attorney

*/s/ Nicholas J. Masero*
Nicholas J. Masero
Deputy City Attorney
Attorneys for Defendants
CITY OF LONG BEACH, et al.

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach. CA 90802-4664

11

DEFENDANTS' CITY OF LONG BEACH, CITY OF LONG BEACH (ERRONEOUSLY SUED AS LONG BEACH POLICE DEPARTMENT), ELIESER DOMINGO, NICHOLAS BECERRA, BENJAMIN HEARST, AND IVAN GARCIA, ANSWER TO FIRST AMENDED COMPLAINT; JURY DEMAND

l:\apps\ctylaw32\wpdocs\d016\p031\00805706.docx